**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT PADUCAH**
**CIVIL ACTION NO. 5:05CV-P106-R**

**HARGUS WAYNE GABBARD**                                                                                  **PLAINTIFF**

**v.**

**GLENN E. HAEBERLIN,** *et al.*                                                                          **DEFENDANTS**

**OPINION**

The plaintiff filed this civil rights action under 42 U.S.C. § 1983 ("§ 1983"). Because he failed to exhaust his administrative remedies completely with respect to each defendant named and each claim asserted *before* he filed suit, the court will dismiss his civil action without prejudice pursuant to 42 U.S.C. § 1997e(a).

**I. SUMMARY OF CLAIMS**

The plaintiff is an inmate currently confined in the Kentucky State Penitentiary ("KSP"). He filed this civil action charging the following defendants with being deliberately indifferent to his serious medical needs: Glenn Haeberlin, KSP Warden; Steve Highland, KSP physician; and Chanin Highland, KSP nurse. He sued them in their official capacity only, seeking money damages. *See* DNs 1 and 5.

The plaintiff claims that on November 24, 2004, he slipped on a wet floor and broke his left pinkie finger. He claims that notwithstanding repeated requests for medical treatment, no one would treat his broken finger. When medical treatment was finally sought for the plaintiff, he received a metal plate in his left hand because the broken bone had begun to heal improperly. The plaintiff completely grieved his claims with respect to the doctor and nurse. But at the time of filing his complaint, he had not completely grieved his claim vis-à-vis Warden Haeberlin (DN

1, Mem., p. 6) (noting that the grievance was filed on January 12, 2005, but was not final at the time of filing his complaint).

## II.  ANALYSIS

Under 42 U.S.C. § 1997e(a),[1] a prisoner is required to exhaust all available administrative remedies prior to instituting an action under § 1983 or any other federal law.  *Baxter v. Rose,* 305 F.3d 486, 488 (6th Cir. 2002); *Brown v. Toombs* 139 F.3d 1102 (6th Cir. 1998).  The primary purpose behind the exhaustion requirement is to give the state prison systems "an opportunity to handle prison grievances internally before recourse to the federal courts becomes available." *Thomas v. Woolum*, 337 F.3d 720, 725 (6th Cir. 2003).  Such may be the most efficient means of addressing a constitutional violation.  *Id.* at 726.  The inmate must pursue those remedies "as far as they exist" before it can be said that he complied with the "state prison's internal requirements."  *Id.* at 725.  An inmate bears the burden of alleging and showing that he has exhausted his remedies.  *Brown,* 139 F.3d at 1104.  And, district courts are required to dismiss a complaint without prejudice where a prisoner fails to exhaust those remedies.  *Id.* at 1102.

To establish exhaustion, a prisoner must allege and show that all available remedies have been exhausted and attach documentation demonstrating the administrative disposition of his claims.  *Brown*, 139 F.3d at 1104.  Should the prisoner not have the documentation to demonstrate exhaustion, he must describe with specificity the administrative proceeding and its outcome.  *Knuckles-El v. Toombs*, 215 F.3d 640, 642 (6th Cir.), *cert denied*, 531 U.S. 1040

---

[1]Section 1997e(a) provides:

No action shall be brought with respect to prison conditions under section 1983 of this title [*i.e.*, 42], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

(2000). Where the complaint fails to contain "particularized averments concerning exhaustion showing the nature of the administrative proceeding and its outcome, the action must be dismissed under § 1997e." *Boyd v. Corr. Corp. of Am.,* 380 F.3d 989 (6th Cir. 2004) (citation omitted).

A prisoner may not raise his claims in informal complaints as he must follow the formal grievance process to properly exhaust all administrative remedies. *Freeman v. Francis,* 196 F.3d 641 (6th Cir. 1999). Moreover, a prisoner may not simply fail to file a grievance or abandon the process before completion and claim that he has exhausted his remedies or it is futile for him to do so because his grievance is now time-barred under the regulation. *Wright v. Morris*, 111 F.3d 414, 417 n.3 (6th Cir.), *cert. denied,* 522 U.S. 906 (1997). Even if an appeal is time-barred by the prison's administrative procedures, the inmate must still pursue the remedy for without doing so he does not give the state the opportunity to remedy the alleged wrong. *Thomas*, 337 F.3d at 727.

Should the authorities to whom the inmate has presented his grievance ignore his written plaint, he must proceed to the next level in the grievance process. *Hartsfield v. Vidor,* 199 F.3d 305, 309 (6th Cir. 1999). Prior to initiating his action in federal court, a prisoner is required to file a grievance against each person he ultimately seeks to sue. *Burton v. Jones,* 321 F.3d 569, 574 (6th Cir. 2003); *Curry v. Scott*, 249 F.3d 493 (6th Cir. 2001).[2]  And, § 1997e(a) requires

---

[2]The Sixth Circuit observed:

> The requirement that a prisoner file a grievance against the person he ultimately seeks to sue does not impose a heightened pleading requirement upon would-be §1983 plaintiffs. It only assures, as envisioned under the PLRA, that the prison administrative system has a chance to deal with claims against prison personnel before those complaints reach federal court.

total exhaustion of all claims, and a complaint that presents both exhausted and unexhausted claims must be dismissed. *Jones Bey v. Johnson*, 407 F.3d 801, 805 (6th Cir. 2005). While the plaintiff evinced his intent to amend his complaint to show proof of exhaustion of his claim against the warden, prisoners may not amend their complaints to save them from *sua sponte* dismissal. *Baxter*, 305 F.3d at 489. Because the plaintiff failed to satisfy the requirement of total exhaustion of all claims, his complaint must be dismissed.

      Once the plaintiff completely exhausts his remedies with respect to *each* claim advanced and as to *each* defendant named, he may initiate a new civil rights action. If he should do so, the plaintiff must use the court-approved form, which will be enclosed with this decision. The plaintiff should note that this complaint in this action failed to indicate the capacity in which he sued the defendants. He should so identify that capacity should he file a new action. On the form complaint, the plaintiff will be asked to state whether he is suing a defendant in his/her "individual capacity" or "official capacity" or in both capacities. To illustrate the difference, when a plaintiff sues someone in his/her "individual capacity" for monetary relief, he is asking the court to make that person pay the plaintiff money from his/her own funds because of something he/she did or did not do that violated the plaintiff's constitutional rights. By contrast, when he sues someone in an "official capacity" for monetary relief, even though the plaintiff names the person, the law views the claim as being brought only against the person's employer, which is usually a city, county or state. Thus, when the plaintiff sues someone in his/her "official capacity," he is asking the court to make a city, county or state pay the plaintiff money

---

*Curry,* 249 F.3d at 505.

4

because the city, county or state caused the constitutional violation. A plaintiff may sue someone in both capacities – he is not required to choose one or the other.

The plaintiff is also reminded that if he files a new complaint, he must clearly show how each defendant violated his constitutional rights. Conclusory allegations of the officer's misconduct will result in dismissal of claims against that particular defendant.

The court will enter an order consistent with this opinion.

Date: July 15, 2005

*Thomas B. Russell*

Thomas B. Russell, Judge
United States District Court

cc:    Plaintiff *pro se*
        Defendants
        4413.002